UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PAUL E. KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00056-WTL-MJD |
| | ) | |
| MRS. PORTER, DANIEL BERTSCH, WEXFORD, | ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *in forma pauperis* Status,
Screening Complaint,
And Directing Issuance and Service of Process**

Paul E. Keller is an Indiana inmate in the custody of the Indiana Department of Correction currently incarcerated at the Wabash Valley Correctional Center (WVCF). On February 6, 2018, he filed this 42 U.S.C. § 1983 action against certain medical providers at WVCF. The Court makes the following rulings.

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Keller's motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted** because the Court finds that Mr. Keller does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), Mr. Keller will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full three-hundred fifty ($350.00) dollar filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id*. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket

fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening of the Complaint

A. Legal Standard

Because Mr. Keller is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Mr. Keller's Grounds for Relief

Liberally construing the complaint, the Court discerns that Mr. Keller is being medicated against his will with injections of the medication Haldol. He contends that Defendant Dr. Daniel Bertsch, a Wexford Medical Services employee who provides psychiatric care to inmates at WVCF, ordered the injections. Mr. Keller contends he was injected against his will on September 17 and October 17, 2017. He asserts that Wexford employee Mrs. Porter also ordered the injections through Dr. Bertsch.

Mr. Keller also contends that Wexford Medical Services has policies and practices that denied him a hearing on whether he should be medicated against his will, and that it failed to train and supervise its employees.

In addition to his Eighth Amendment medical claims, Mr. Keller asserts state law claims against defendants Dr. Bertsch and Mrs. Porter for assault, battery, negligence, and negligent infliction of emotional distress.

Mr. Keller seeks monetary damages and injunctive relief.

C. Analysis

Mr. Keller's claims that **shall proceed** are his federal constitutional claims arising under the Eighth Amendment's cruel and unusual punishment ban and the Fourteenth Amendment's due process clause against Wexford Medical Services, Mrs. Porter, and Dr. Bertsch. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-759 (7th Cir. 2004) (discussing policy and practice based claims); *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (discussing claims for failing to have a policy). Mr. Keller's state law claims against the two

3

individual defendants **shall also proceed**. The asserted state law claims shall be governed by Indiana law.

### III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Wexford Medical Services, Dr. Daniel Bertsch, and Mrs. Porter in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 2/8/18

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul E. Keller
922371
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Wexford Medical Services
c/o Douglas P. Long, Registered Agent
500 N. Meridian, Suite 300
Indianapolis, IN  46204

Dr. Daniel Bertsch
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Mrs. Porter
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Courtesy Copy to:
   Douglass R. Bitner
   Katz Korin Cunningham, P.C.
   The Emelie Building
   334 North Senate Avenue
   dbitner@kkclegal.com